UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

LORETTA S.[1],

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION

Defendant.

Case No. 6:19-cv-00360-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Loretta S. brought this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final action of the Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act. Both parties consented to jurisdiction by a U.S. Magistrate Judge. ECF No. 5. On August 7, 2020, this Court issued an Opinion and Order ("O&O") determining that

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental parties in this case.

Plaintiff was disabled and remanding for an immediate calculation and award of benefits with a disability onset date of January 12, 2015. ECF No. 25. The Commissioner now moves for an order to amend or correct the Court's judgment under Fed. R. Civ. P. 59(e), which Plaintiff opposes. ECF Nos. 27–28. For the reasons that follow, the Commissioner's motion is DENIED.

**BACKGROUND**

Plaintiff protectively filed an application for DIB on February 11, 2015, alleging disability beginning January 12, 2015. Tr. 175–76. Her claim was initially denied on July 10, 2015, and under reconsideration on December 15, 2015. Tr. 78–88; Tr. 91–105. Plaintiff timely requested and appeared for a hearing before an Administrative Law Judge ("ALJ") on November 22, 2017. Tr. 44–77, 120. The ALJ denied Plaintiff's application in a written decision dated January 24, 2018. Tr. 13–37. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 1–7.

Plaintiff sought judicial review of the Decision. ECF No. 1. In its April 20, 2020 Opinion O&O, the Court determined that the ALJ failed to provide legally sufficient reasons for: (1) discrediting Plaintiff's subjective symptom testimony; (2) discrediting the medical opinion of James Morris, M.D.; and (3) discrediting the medical opinion of Dane Dougherty, M.D., with respect to Plaintiff's fibromyalgia symptoms. O&O at 29; ECF No. 25. In exercising its discretion under the credit-as-true doctrine, the Court found that Plaintiff would not be able to maintain employment. *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 2003) (internal quotation marks omitted)). The Court reversed the ALJ's decision and remanded for the immediate calculation and award of benefits. *Id.* at 30. The Commissioner subsequently filed its motion to amend or correct that decision and remand for further proceedings, rather than for an

immediate award of benefits. ECF No. 27. The Court heard oral argument on January 7, 2021. Hearing, ECF No. 31.

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 59(e), a party may move to alter or amend a judgment. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Such a motion, however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.*; *see also Fischer v. Comm'r, Soc. Sec. Admin.,* No. 6:16-cv-00740-SU, 2017 WL 1927929, at *2 (D. Or. May 10, 2017) ((citing *Van Derheydt v. County of Placer*, 32 F. App'x 221, 223 (9th Cir. 2002) ("Rule 59(e) is intended to afford relief only in extraordinary circumstances, and not to routinely give litigants a second bite at the apple.")).[2] "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The court does not review *de novo* the legal basis for its earlier decision, but rather reviews only for clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original). A motion for reconsideration is properly denied

---

[2] The Court recognizes that citing *Van Derhedt* violates Ninth Circuit Rule 36-3 (Citation of Unpublished Dispositions or Orders), which permits citation to unpublished memorandum filed before 2007 in limited circumstances not applicable here. The Court, however, finds Judge Sullivan's reasoning persuasive here.

where it presents only arguments that were already raised and rejected by the court. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *Century Indem. Co. v. Marine Grp., LLC*, No. 3:08-cv-1375-AC, 2016 WL 96147, at *2 (D. Or. Jan. 7, 2016) ("The motion to reconsider should not be used to ask the court to rethink matters already decided."). "[A] motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to reverse its prior decision." *Romtec Utils. Inc. v. Oldcastle Precast, Inc*., No. 6:08-cv-6297-HO, 2011 WL 690633, at *8 (D. Or. Feb. 16, 2011).

**DISCUSSION**

The Commissioner argues that the Court clearly erred in the sequential application of the credit-as-true doctrine because it credited Plaintiff's subjective symptom testimony and medical evidence, reversed the ALJ's decision, and remanded the matter for an award of benefits. Hearing, ECF No. 31; Def.'s Mot. Amend J. at 2–7, ECF No. 27. The Commissioner relies on *Treichler*, 775 F.3d at 1090, contending that the Court erroneously remanded for an award of benefits despite "outstanding issues that require[d] resolution." *Id.* at 3 (citing *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d at 1101–02 (9th Cir. 2014)). The Commissioner additionally argues "the record has not been fully developed." *Id.* at 6. Plaintiff, however, contends that the Court did not err and appropriately exercised its discretion to reverse and remand a case for payment. Pl.'s Rep. Br. at 4 (citing *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014)), ECF No. 28. Because the Commissioner fails to identify a clear error in the Court's decision to exercise its discretion, the Commissioner's motion is denied.

As noted in its O&O, the Court determined that the ALJ failed to provide legally sufficient reasons for: (1) discrediting Plaintiff's subjective symptom testimony; (2) discrediting

Dr. Morris' medical opinion; and (3) discrediting Dr. Dougherty's medical opinion with respect to Plaintiff's fibromyalgia symptoms. O&O at 29. The Opinion explained that "[a] remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision." *Id.* at 28. The Court went on to apply the "credit-as-true" doctrine, as articulated in *Strauss v. Comm'r of the Soc. Sec. Admin.*:

> Under the "credit-as-true" doctrine, evidence should be credited and immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* (citing *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011)) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). Plaintiff asserts the Ninth Circuit's decision in *Garrison v. Colvin* supports the Court's reasoning:

> Recalling that, in social security cases, "the required analysis centers on what the record evidence shows about the existence or non-existence of a disability," *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011), *Connett's* "flexibility" is properly understood as requiring courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled. That interpretation best aligns the credit-as-true rule, which preserves efficiency and fairness in a process that can sometimes take years before benefits are awarded to needy claimants, with the basic requirement that a claimant be disabled in order to receive benefits. Thus, when we conclude that a claimant is otherwise entitled to an immediate award of benefits under the credit-as-true analysis, *Connett* allows flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.

*See Garrison*, 759 F.3d at 1021; *see also* Pl.'s Rep. Br. at 4. The Commissioner asserts, however, that the Ninth Circuit's decision in *Treichler v. Comm'r of the Soc. Sec. Admin.* properly articulates the application of the credit-as-true rule:

> In *Treichler*, the court of appeals explained that, to justify remanding for a finding of disability, three elements must be satisfied: (1) the ALJ "failed to provide legally sufficient reasons for rejecting evidence;" (2) "the record has been fully developed, . . . there are no outstanding issues that must be resolved before a determination of disability can be made," and further administrative proceedings would not be useful; and (3) "the record, taken as a whole, leaves not the slightest uncertainty" that the claimant would be disabled if the relevant evidence were found credible. Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.

Def.'s Mot. Amend J. at 3 (quoting *Treichler*, 775 F.3d at 1101–02). In other words, the Commissioner argues that the Court erred by not determining whether there were outstanding issues before it credited the improperly disregarded evidence as true, and erroneously credited the evidence as true first.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners*, 179 F.3d at 665. Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters.*, 229 F.3d at 890 (citation omitted). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *See Id.*

The Court first observes that, prior to its motion to amend judgment, the Commissioner did not raise an issue of an undeveloped record. *See* Def.'s Br. at 19–20, ECF No. 23. Plaintiff

correctly notes that "the Commissioner made no effort to 'point to anything in the record that the ALJ overlooked and explain how that evidence casts into serious doubt [Plaintiff's] claim to be disabled.'" Pl.'s Rep. Br. at 5 (citing *Garrison*, 759 F.3d at 1022). The Commissioner should have made this argument earlier. *Fischer*, 2017 WL 1927929, at *4. A motion for reconsideration is not the proper vehicle to raise arguments that the Commissioner should have made earlier. *Kona Enters.*, 229 F.3d at 890. As such, the Court declines to further address the Commissioner's argument.

The Court also acknowledges the Ninth Circuit's guidance on the precise order of the sequential steps district courts must take when applying the credit-as-true doctrine is not entirely perspicuous.[3] However, even if the Court had applied the sequential steps as articulated in *Treichler*, as the Commissioner argues it should have, remanding for an immediate calculation and award of benefits would remain the appropriate remedy.

Applying the *Treichler* formulation, the Court's first element is to find whether the ALJ "failed to provide legally sufficient reasons for rejecting evidence." *Treichler,* 775 F.3d at 1101–

---

[3] *See, e.g., Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (formulating, in a decision issued after *Treichler*, the credit-as-true standard as follows: "Before we may remand a case to the ALJ with instructions to award benefits, three requirements must be met: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." (internal quotation marks omitted)); *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015), *as amended* (Feb. 5, 2016) (requiring determination of whether there remain outstanding issues before crediting of erroneously rejected evidence as true); *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000) (explaining the interaction of the three-part "credit-as-true" test and the inquiry of whether outstanding issues remain: "Of course, [the] three-part test really constitutes a two part inquiry, wherein the third prong is a subcategory of the second: if the ALJ were not required to find the claimant disabled upon crediting the evidence, then this certainly would constitute an outstanding issue that must be resolved before a determination of disability could be made." (internal quotations marks and alterations omitted)); *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (crediting evidence as true before determining whether outstanding issues remain: "But applying the rule is not mandatory when, even if the evidence at issue is credited, there are outstanding issues that must be resolved before a proper disability determination can be made." (internal quotation marks omitted)); *Trnavsky v. Colvin,* 636 F. App'x 390, 391 (9th Cir. 2016) (laying out the three-prong test, then stating that "the district court may credit the rejected evidence as true as a matter of law (the 'credit-as-true' doctrine) and analyze the next two elements of the . . . test under that assumption," where the next two elements include analysis of whether there remain outstanding issues).

02. The Court determined that this requisite was met based on the ALJ's harmful legal errors in failing to provide legally sufficient reasons for discrediting Plaintiff's subjective symptom testimony and the medical opinion evidence of Drs. Morris and Dougherty. O&O at 5–13, 14–23.

The second element under *Treichler* requires "the record [to be] fully developed, . . . [and that] there are no outstanding issues that must be resolved before a determination of disability can be made." *Treichler,* 775 F.3d at 1101–02. The court in *Treichler* relied on "significant factual conflicts in the record between [the claimant's] testimony and objective medical evidence" to conclude remanding for further proceedings was the appropriate remedy. *Id.* at 1105. Here, the second requisite is met because the Court found that medical evidence in the record is consistent with Plaintiff's testimony. O&O at 18–19 (finding Dr. Morris' medical opinion consistent with Plaintiff experiencing symptoms of fibromyalgia after receiving treatment), 22–23 (finding that the ALJ failed to consider Dr. Doherty's specialized medical opinion as Plaintiff's treating rheumatologist), 29 (finding any purported evidentiary conflicts not significant). The Court accordingly concluded that remanding to allow the Commissioner another attempt to reject Plaintiff's testimony and medical opinions of record would not serve a "useful purpose." *See Garrison*, 759 F.3d at 1021 (citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.")).

As to the third and final element, "the record, taken as a whole, leaves not the slightest uncertainty" that the claimant would be disabled if the relevant evidence were found credible. *Treichler*, 775 F.3d at 1101–02. The Court found that if the discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand and that there was ample

evidence of plaintiff's disabling impairments going back to January 12, 2015. The Court cited this evidence in detail in its Opinion and Order. *See* O&O at 24–28. The Court would reach the same conclusion under the *Treichler* formulation of the credit-as-true doctrine as under the formulation the Court employed earlier. The Commissioner has failed to demonstrate any clear error under Fed. R. Civ. P. 59(e).

**CONCLUSION**

The Commissioner's Motion for the Court to amend or correct its judgment under Fed. R. Civ. P. 59(e) (ECF No. 27) is DENIED.

DATED this 8th day of March 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge